IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARIA KOUNALIS,                                Civ. No. 6:17-cv-01991-AA

                Plaintiff,           **OPINION & ORDER**

   v.

CREDIT ASSOCIATES, INC.,

                Defendant.

_____

AIKEN, District Judge.

    This case comes before the Court on a Motion for Summary Judgment filed by Defendant Credit Associates, Inc., ECF No. 17, and on Plaintiff's Motion for Partial Summary Judgement, ECF No. 26, as well as on Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 19. The Court previously granted Defendant's Motion for Summary Judgment and denied both of Plaintiff's Motions, ECF No. 30, and this Opinion and Order serves to memorialize those ruling.

## LEGAL STANDARD

### I. Motion to Amend

    Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings with leave of the court and the court should grant leave "when justice so requires." Fed. R. Civ. P. 15(a). Court should exercise "extreme liberality" in

considering motions to amend. *Morongo Band of Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts consider the following factors when determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The party opposing amendment bears the burden of showing prejudice." *Robillard v. Opal Labs, Inc.*, 337 F. Supp.3d 962, 967 (D. Or. 2018) (internal quotation marks and citation omitted).

Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Courts should be guided "by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

### II. Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue

determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

In 2016, Plaintiff Maria Kounalis received medical care at the St. Charles Medical Center in Bend, Oregon on three occasions. On September 30, 2016, Plaintiff was admitted and incurred charges totaling $136.53. Wood Decl. Ex. 1, at 1-2. ECF No. 18. On October 2, 2016, Plaintiff was admitted and incurred charges totaling $92.33. *Id.* at 3-4. And on October 6, 2016, Plaintiff was admitted and incurred charges totaling $92.33. *Id.* at 5-6.

On all three occasions, Plaintiff agreed to pay for the care and treatment provided and further "agree[d] to pay all charges, late fees, accrued interest, attorney fees, and collection costs, resulting from my failure to pay in a timely manner." Wood Decl. Ex. 1, at 1, 3, 5. In her deposition, Plaintiff acknowledged that she visited the hospital three times, incurring three separate charges which she was obliged to pay. Wood Decl. Ex. 2, at 2-3 (acknowledging the September 30, 2016 debt), 4-6 (acknowledging the October 2, 2016 debt), 6-8 (acknowledging the October 6, 2016 debt). Plaintiff did not pay the charges and did not contact the hospital to discuss a payment plan. *Id.* at 8-9.

Plaintiff's three delinquent accounts were assigned to Defendant Credit Associates, Inc., which sent two letters to Plaintiff on each of the three accounts for a total of six letters. Wood Decl. Ex. 3.

The first letter, dated March 10, 2017, was in reference to Plaintiff's charges from September 30, 2016, and informed her that she owed $136.53 on the account. Wood Decl. Ex. 3, at 1. Plaintiff testified that the first letter listed her correct address but that she did not remember receiving the first letter, although she was not aware of any reason why she would not have received the letter sent to the listed address. Wood Decl. Ex. 2, at 13-15.

The second letter, dated March 31, 2017, again referenced the $136.53 debt, and notified Plaintiff that it had accrued interest of $0.72 for a total balance due of $137.25. Wood Decl. Ex. 3, at 2. The "Balance Due" in the March 31 letter was marked with an asterisk with the notation "in case various accounts exist." *Id.* This

was the second letter on the September 30, 2016 account. Plaintiff testified that she did not remember receiving the second letter, but that she was not aware of any reason why she would not have received a letter sent to the listed address. Wood Decl. Ex. 2, at 16.

The third letter was dated May 12, 2017 and referenced the charge for Plaintiff's hospital visit on October 2, 2016 and informed Plaintiff that she owed $92.33 on that account. Wood Decl. Ex. 3, at 3. This was the first letter on the October 2, 2016 account. Plaintiff testified that she did not remember receiving the third letter, but that she was not aware of any reason why she would not have received a letter sent to the listed address. Wood Decl. Ex. 2, at 17.

The fourth letter was also dated May 12, 2017 and referenced the charge for Plaintiff's hospital visit of October 6, 2016. Wood Decl. Ex. 3, at 4. This was the first letter on the October 6, 2016 account and notified Plaintiff that she owed $92.33 on that account. Plaintiff testified that she did not remember receiving the fourth letter, but that she was not aware of any reason why she would not have received a letter sent to the listed address. Wood Decl. Ex. 2, at 18.

The fifth letter was dated June 2, 2017 and was the second letter sent in reference to the October 2, 2016 account. Wood Decl. Ex. 3, at 5. The fifth letter informed Plaintiff that $0.46 had accrued in interest for a total "Balance Due" of $92.79 on that account. *Id.* In the payment section, the letter listed an "Amount Due" of $324.91 reflecting the amounts due on all three of Plaintiff's accounts held by Defendant on behalf of the St. Charles hospital. *Id.*

The sixth letter was also dated June 2, 2017 and was the second letter sent on the October 6, 2016 account. Wood Decl. Ex. 3, at 6. The sixth informed Plaintiff that $0.46 had accrued in interest for a total "Balance Due" of $92.79 on that account. *Id.* In the payment section, the letter listed an "Amount Due" of $324.91 reflecting the amounts due on all three of Plaintiff's accounts held by Defendant on behalf of the St. Charles hospital. *Id.*

Plaintiff testified that she received both letters dated June 2, 2017. Second Wood Decl. Ex. 1, at 2. ECF No. 21.

## DISCUSSION

Plaintiff brings a single claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A), alleging that Defendant "[f]alsely represent[ed] the amount, character, or legal status of any debt, including sending Plaintiff a letter containing two inconsistent balance statements, one much higher than the other." Compl. ¶ 9. ECF No. 1. Plaintiff asserts that the difference between the "Balance Due" and the "Amount Due" in the June 2, 2017 letters was inconsistent and confusing.

### I.   Motion to Amend

Plaintiff seeks leave to amend her complaint to add a second claim alleging that Defendant violated the FDCPA by "[m]aking false or deceptive statements in letters to Plaintiff pertaining to the balance owed, including failing to indicate that interest was accruing in initial letters sent on March 10, 2017 and May 12, 2017," in

violation of 15 U.S.C. §§ 1692e(2)(A), e(10), and e.  Proposed Am. Compl. ¶ 10.  ECF No. 19-1.

Defendant opposes Plaintiff's motion on the basis that it is futile, prejudicial to Defendant, and sought in bad faith after undue delay.  A claim is futile if "no set of facts can be provided under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotation marks and citation omitted).  "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal quotation marks and citation omitted).

Here, Defendant asserts that Plaintiff's proposed amendment is time-barred.  A claim under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  The Supreme Court has held that, absent the application of an equitable doctrine, this limitation period "begins to run on the sate on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, ___U.S.___, 140 S. Ct. 355, 358-59 (2019) (abrogating the earlier Ninth Circuit decision *Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935 (2009), which had allowed a "discovery rule" to toll the limitations period in FDCPA cases).  In this case, Plaintiff did not attempt to assert this claim until more than one year after the challenged letters.  ECF No. 19.  Accordingly, the Court concludes that the new claim would be time-barred and allowing amendment would be futile.  Because futility alone can justify the denial of a motion to amend the

pleadings, the Court need not reach Defendant's other arguments concerning the proposed amendment. Plaintiff's motion to amend the complaint is denied.

## II. Motions for Summary Judgment

Defendant moves for summary judgment on the merits of Plaintiff's claim, arguing that its letters to Plaintiff were not misleading or inconsistent and did not violate the FDCPA. Plaintiff, in turn, moves for partial summary judgment as to liability on the same basis.

Section 1692e generally prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," and subsection (2)(A) prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e.

"The FDCPA comprehensively regulates the conduct of debt collectors and is a strict liability statute." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (internal quotation marks and citation omitted). A debt collector's liability under § 1692e is an issue of law. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011). Alleged violations of the provisions of § 1692e are evaluated from the standpoint of the "least sophisticated debtor." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). That standard requires an "objective analysis" that considers whether "the least sophisticated debtor would likely be misled by a communication from a debt collector." *Id.* (internal quotation marks and citation omitted). The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a

reasonable debtor" because it is "designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naïve." *Gonzales*, 660 F.3d at 1061-62 (internal quotation marks and citation omitted). "At the same time, the standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Id.* at 1062 (internal quotation marks and citation omitted).

In this case, the June 2, 2017 letters each clearly identify the "balance due" as being connected to a single account, both by connecting it to an account number and by including an asterisk noting that the balance due was "in case various accounts exist." Wood Decl. Ex. 3, at 5-6. The "amount due" figure is, by contrast, the total sum due on all Plaintiff's delinquent accounts referred to Defendant for collection by the hospital, which is clear from the sums demanded in each of the prior letters sent to Plaintiff on those accounts. A consumer with a basic level of understanding and a willingness to read with care would have understood the distinction.

Here, Plaintiff claims she does not remember receiving any of the letters sent prior to June 2, 2017 and would not, therefore, have understood that the "amount due" figure reflected the entire sum owing on all three accounts. Under the "mailbox rule," the proper and timely mailing of a document raises a rebuttable presumption that the document was received by the addressee. *Mahon v. Credit Bureau of Placer Cnty., Inc.*, 171 F.3d 1197, 1201-02 (9th Cir. 1999). To create this presumption, "[t]he Ninth Circuit requires only that a debt collector provide testimony that a letter was sent and not returned as undeliverable." *Grant v. Unifund CCR Partners*, 842 F.

Supp.2d 1234, 1240 (C.D. Cal. 2012) (citing *Mahon*, 171 F.3d at 1201); *see also Schikore v. BankAmerica Supp. Ret. Plan*, 269 F.3d 956, 964 (9th Cir. 2001) (holding that "a sworn statement is credible evidence of mailing for purposes of the mailbox rule.").

"To overcome the presumption of mailing and receipt, a debtor must prove 'by clear and convincing evidence that the mailing was not, in fact, accomplished.'" *Grant*, 842 F. Supp.2d at 1240 (quoting *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991)). A plaintiff's statement that they did not receive the letter is not sufficient to meet this burden or to create a triable issue of fact as to the mailing. *Mahon*, 171 F.3d at 1202; *Grant*, 842 F. Supp.2d at 1241.

In this case, Defendant has offered a sworn declaration that each of the six letters was mailed to the same address on the date shown at the top of each letter. Fisher Decl. ¶ 3. ECF No. 22. In response, Plaintiff offers only her own deposition testimony that she does not remember receiving the first four letters. This is insufficient to overcome the mailbox rule and Plaintiff is presumed to have received the letters.

The Court therefore concludes that the June 2, 2017 letters were not inaccurate or misleading in violation of the FDCPA and Defendant's motion for summary judgment is granted. By the same token, Plaintiff's motion for partial summary judgment is denied.

In addition, the Court notes that Plaintiff's motion for partial summary judgment does not certify conferral as required by Local Rule 7-1(a) and Defendant

represents that Plaintiff did not, in fact, confer prior to filing her motion. Wood Decl. ¶ 3. ECF No. 29. The failure to confer supplies an independent basis for denying Plaintiff's motion. LR 7-1(a)(3).

## CONCLUSION

As noted in the Court's prior Order, ECF No. 30, Defendant's Motion for Summary Judgment, ECF No. 17, is GRANTED. Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 19, and Plaintiff's Motion for Partial Summary Judgment, ECF No 26, are DENIED. This case is DISMISSED and final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___23rd___ day of March, 2022.

                                         /s/Ann Aiken
                                         Ann Aiken
                                         United States District Judge